ORDERED ACCORDINGLY.

Dated: May 05, 2009



*George V Nielsen*
GEORGE B. NIELSEN, JR
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AMKIM, L.L.C.<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2-09-bk-01587-GBN |
| DESERT HILLS BANK,<br><br>Movant,<br><br>v.<br><br>AMKIM, L.L.C.,<br><br>Respondent. | STIPULATED<br>ORDER FOR RELIEF<br>FROM THE AUTOMATIC STAY<br><br>Hearing Date: May 4, 2009<br>Time: 1:00 p.m.<br>Place: Phoenix, Arizona |

Upon consideration of the consent of Desert Hills Bank ("Bank") and Amkim, L.L.C. (the "Debtor") to the entry of this Stipulated Order for Relief from the Automatic Stay ("Stipulated Order") to resolve the Bank's pending Motion for Relief from the Automatic Stay to exercise the Bank's rights in certain real and personal property, more fully described in the Bank's Motion ("Property"), it appearing that the Debtor agrees and stipulates that the amounts owed to the Bank are substantially in default and as of April 26, 2009, the Bank was owed no less than $1,183,100 in principal, plus accrued interest of $97,928.18 (with a per diem of $194.48), and additional amounts for late fees, appraisal fees, costs, and reasonable attorneys' fees (the "Debt"); that since the bankruptcy filing, the Debtor made a payment of $12,000 on or about February 27, 2009, and a $12,000 payment on or about March 31, 2009; that the Debtor has advised the Bank that it has tendered a $12,000 payment to the Bank on May 3, 2009 in a

remote depository that has not yet been processed in the Bank's records or cleared through banking channels; that the Debtor and the Bank have agreed to the entry of this Stipulated Order to provide adequate protection payments to the Bank, to provide certain minimum treatment of the Bank's Debt in any plan of reorganization and to establish a time frame for resolving the arrearages on the Debt, and good cause having been shown,

**IT IS ORDERED** as follows:

1. Commencing on June 1, 2009, and continuing on the first day of each month thereafter, the Debtor shall pay the Bank as adequate protection not less than $12,000 per month in good, collectible funds. If the Bank does not receive the Debtor's monthly adequate protection payment (including the May 3, 2009 payment referenced above), by the 15th day of each month, the Bank shall be granted immediate relief from the automatic stay to enforce any and all of its rights it may have in the Property, including the completion of its pending trustee sale, without further order of this Court.

2. The Bank is hereby granted an allowed secured claim for the full amount of its Debt. Any plan of reorganization proposed by or for the Debtor shall treat the Bank as a fully secured creditor and shall not reduce the amount of the monthly payment to the Bank to less than $12,000 per month.

3. This Stipulated Order does not cure the existing defaults or reinstate the Debt and the Bank may continue its pending trustee sale from time to time pending resolution of the outstanding defaults. As soon as possible, the Debtor shall make a proposal to the Bank to cure the amount in arrears, pursuant to a plan of reorganization or otherwise. If the Debtor and the Bank have not agreed to a mutually acceptable plan to reinstate the Debt and cure the arrearages by July 15, 2009, the Bank may renew its Motion for Relief from the Automatic Stay.

DATED this _____ day of May, 2009.

_____
George B. Nielsen, Jr.
Judge, U.S. Bankruptcy Court

Consented to this 4th day of May, 2009.

RYLEY CARLOCK & APPLEWHITE

By: _____
    John J. Fries
    Counsel for Desert Hills Bank

SCHWARTZ LAW FIR, P.L.L.C.

By: _____
    Aryeh D. Schwartz
    Counsel for Amkim, L.L.C.